IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMUEL JEFFERSON ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Case No. 3:12-cv-988 |
| v. ) | |
| ) | |
| CORIZON HEALTH CARE ) | |
| PROVIDERS, et al., ) | Judge Sharp |
| ) | Magistrate Judge Bryant |
|     Defendants. ) | |

To:     The Honorable Kevin H. Sharp, District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

By order entered December 11, 2012 (Docket Entry No. 47), this matter was referred to the undersigned for case management and to recommend ruling on any dispositive motion.

Plaintiff Samuel Jefferson is an inmate at the Lois M. Deberry Special Needs Facility ("DSNF") in Nashville, Tennessee. He is currently embroiled in several lawsuits across the state stemming out of his prior involvement in In re: Zyprexa Products Liability Litigation, a class action lawsuit surrounding an antipsychotic medication. MDL 1596 (JBW) (E.D.N.Y. 2004). Mr. Jefferson filed this action on August 21, 2012, alleging that in an attempt to avoid litigation in the other suits against Defendant Eli Lilly, the defendants conspired together to make Mr. Jefferson appear mentally unsound.

Plaintiff names as Defendants corrections officer Michael Greenwood ("Greenwood"), and health care companies Eli Lilly and Company ("Eli Lilly") and Corizon Health Care Providers ("Corizon"). His claim against Defendant Greenwood is that Greenwood psychologically tortured the plaintiff into not eating his food and not sleeping. (Docket Entry No.

1 at 6, 7). The Plaintiff alleges that Greenwood refused him food service and violated his Eighth Amendment rights against cruel and unusual punishment. (Id. at 6) Plaintiff brings all of his claims under 42 U.S.C. §§ 1983, 1985. (Id. at 1). The Plaintiff seeks no monetary relief from Defendant Greenwood, but instead seeks an assortment of unusual injunctive relief, including forcing Defendant Greenwood to spend eight hundred hours selling Girl Scout cookies, eight hundred hours working for state charities, and eight hundred additional hours performing unpaid volunteer work for the Boy Scouts. (Id. at 7). Plaintiff further seeks to have Officer Greenwood disciplined by the Department of Corrections for his alleged behavior. (Id. at 8).

Defendant Greenwood filed a motion for summary judgment pursuant to FED. R. CIV. P. 56 on February 20, 2013. (Docket Entry No. 71). Plaintiff timely filed a response in opposition to Greenwood's motion for on February 27, 2013. (Docket Entry No. 75). Greenwood filed a reply to Plaintiff's response on February 28, 2013. (Docket Entry No. 76).

For the reasons stated herein, the undersigned recommends that Greenwood's motion for summary judgment be GRANTED.

## II. Factual Background

According to the complaint, the Plaintiff has a history of mental illness. (Docket Entry No. 1 at 4). Sometime in August, 2012 the Plaintiff alleges that Defendant Greenwood taunted him until he was unable to eat his food and caused other inmates to threaten or intimidate the Plaintiff so that he was unable to sleep. (Id. at 2, 3); (Docket Entry No. 1-1 at 2). He claims that Greenwood threatened that his food was dangerous and refused to open a "door flap" to put the food trays in his cell, and that he was deprived of all meals except one from August 12 until August 14, 2012, aggravating his Crohns Disease and causing his bowels to bleed. (Docket Entry

No. 1 at 3).

The Plaintiff filed a grievance against Defendant Greenwood on August 13, 2012, concerning the above mentioned claims. (Docket Entry No. 1-1 at 2). The grievance was evidently returned to Plaintiff on August 15, 2012, having not been accepted for filing due to being unsigned and/or undated. (Id. at 3). The rejection notice instructed Plaintiff on how to refile his grievance, and also stated that if he wanted to appeal the grievance, he could do so by signing the bottom of his grievance, checking "yes" and returning the grievance to the "grievance box." (Id.). The Plaintiff did not appeal or refile his grievance (Docket Entry No. 76 at 1-2), and instead brought this action on August 21, eight days from the date of the initial grievance.

On February 20, 2013, Defendant Greenwood submitted an Affidavit of Dennis Day, the grievance chairperson at DSNF. (Docket Entry No. 73). The affidavit claims that the Plaintiff filed only one grievance during the time relevant to this suit, and that it was not against Greenwood, and not for the claims referenced in the complaint. Id. Greenwood asserts that because the August 13 grievance was rejected as inappropriately filed, it was never processed, and that Plaintiff never appealed the rejection or attempted to refile the grievance properly. (Docket Entry No. 76).

III. Legal Conclusions

A. Standard of Review

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). A "genuine issue of

3

material fact" is one which, upon the evidence, could lead a reasonable jury to return a verdict for the non moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875 (2000).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non moving party. Anderson, 477 U.S. at 249–50. However, "[t]he moving party need not support its motion with evidence disproving the non moving party's claim, but need only show that 'there is an absence of evidence to support the non moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325). "Once the moving party has presented evidence sufficient to support a motion for summary sudgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for Summary Judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir.2003) (quoting Anderson, 477 U.S. at 252).

B. Analysis of Defendants' Motions

Defendant Greenwood asserts that summary judgement should be granted because the Plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation

4

Reform Act (PRLA). (Docket Entry No. 72 at 1, 2). The Plaintiff defends that he had no other option but to file suit after his initial grievance, because "there is no grievance board to conduct investigations into Eli Lilly and its paying a corrections officer to [a]buse an inmate." (Docket Entry No. 75 at 1). The Plaintiff further responds that the grievance process is "crooked," and believes that it is also a component of the conspiracy against him. (Id. at 2).

Under the Prison Litigation Reform Act (PRLA), inmates must exhaust any administrative remedies available before bringing their claims into court. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). The administrative remedies need not meet federal standards, nor be "plain, speedy, and effective." Porter, 534 U.S. at 524. Further, proper exhaustion demands compliance with an agency's deadlines and other procedural rules. Woodford v. Ngo, 548 U.S. 81, 90 (2006). Even when the prisoner seeks relief not available in the grievance proceedings, exhaustion is a prerequisite to suit. Porter, 534 U.S. at 524 (citing Booth v. Churner, 532 U.S. 731, 741(2001)). Failure to exhaust administrative remedies is an affirmative defense, and the burden is on the Defendant to prove that the plaintiff failed to exhaust his administrative remedies. Bock, 549 U.S. at 212, 216; Surles v. Andison, 678 F.3d 452, 456 (6th Cir. 2012).

Eight days passed from the time the Plaintiff filed his initial grievance against Greenwood to the time he filed this suit. His grievance was rejected, and he immediately sought relief from this Court. His claim that the process is "crooked" is irrelevant if he did not at least attempt to exhaust his options. Even if the asserted grounds for rejecting his grievance were manifestly untrue, the grievance rejection form clearly laid out the next steps the Plaintiff should follow, informing him that he had seven calendar days to make the necessary corrections and return to the grievance office. (Docket Entry No. 1-1 at 3). The form also explained to the

5

Plaintiff the procedure to appeal the initial response to his grievance, which he did not do. (Id.). The law is clear that all administrative remedial options must be exhausted, and a time frame of eight days from filing the initial grievance to bringing a lawsuit is hardly enough time to exhaust all administrative remedies.

Because the Defendant has carried his burden of showing that the Plaintiff failed to exhaust his administrative remedies, the motion for summary judgment should be GRANTED.

IV. Recommendation

For the reasons stated herein, the undersigned hereby recommends that the Defendant Greenwood's motion for summary judgment (Docket Entry No. 43) be GRANTED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to do with the District Court. Any party opposing said objections shall have fourteen (14) days from the receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 29th day of July, 2013.

    s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE