```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION

SAMUEL JEFFERSON,                  )
                                   )
     Plaintiff,                    )
                                   )    Case No. 3:12-0988
          v.                       )    Judge Sharp/Bryant
                                   )    **Jury Demand**
CORIZON, INC., et al.,             )
                                   )
     Defendants.                   )
```

TO:  The Honorable Kevin H. Sharp, District Judge


### Report and Recommendation

Defendant Eli Lilly and Company ("Lilly") has filed a motion to dismiss Plaintiff's pro se claims against it pursusant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.  (Docket Entry No. 43).  Plaintiff Samuel Jefferson has responded in opposition.  (Docket Entry No. 54).  For the reasons stated below, the undersigned Magistrate Judge recommends that Lilly's motion to dismiss be DENIED.

### I.  Statement of the Case

Plaintiff is incarcerated at the Lois M. DeBerry Special Needs Facility ("DSNF") in Tennessee.  He brought this action on August 21, 2012 (Docket Entry No. 1) and filed what amounts to an Amended Complaint on September 25, 2012 (Docket

1

Entry No. 12).  The  instant case, No. 3:12-0988, is similar to another case pending before Judge Sharp, No. 3:12-0485.  In that case, Plaintiff alleges that Charles Barless, a defendant in that case who is an employee of either the DSNF or Corizon, Inc. ("Corizon"), conspired with attorneys at Ferrer, Poirot & Wansbrough law firm to trick Plaintiff into re-entering the Tennessee Department of Correction inmate mental-health program, and to interfere with Plaintiff's pursuit of or the outcome in a third federal lawsuit against these defendants and others, which also remains pending before Judge Sharp, No. 3:10-0754.  The third case, filed originally on August 9, 2010, alleges negligence and malpractice by Lilly and two law firm defendants, and the case has been appealed to the Sixth Circuit and remanded back once already.  Plaintiff seeks damages in that case against defendants for allegedly taking advantage of his mental incompetence in a previous settlement of a pharmaceutical product liability suit.

In the case at hand, Plaintiff asserts claims against three defendants:  Lilly; Corizon, the healthcare provider at DSNF; and Michael Greenwood, a correctional officer at DSNF. Plaintiff alleges that these three conspired together to harm Plaintiff, depriving him of his constitutional rights so that Plaintiff could not continue the third case, mentioned above, No. 3:10-0754, against Lilly and others.

Plaintiff makes a number of factual allegations concerning Lilly in his Amended Complaint. (Docket Entry No. 12). He alleges first that Lilly and Corizon "prompted corrections officer Greenwood . . . to threaten the safety of my food . . . and on other days to deprive me of my food by not feeding me." (Docket Entry No. 12, at 2). Moreover, Plaintiff alleges, "Corizon conspired further with Eli Lilly to pay or prompt Officer Greenwood to taunt me and make me refuse my food with threats of the food trays being dangerous, and other times by not opening my door flap to put the trays in my cell." (Docket Entry No. 12, at 3). It was because of this that from Sunday, August 12, 2012, until Tuesday, August 14, 2012, Plaintiff alleged he received only one meal; the same occurred the week prior. (Id.). Plaintiff experienced substantial and constant pain of the stomach, head, and bowels and bleeding of the bowels due to taking prescribed medications on an empty stomach. (Docket Entry No. 12, at 2, 3). Additionally, Plaintiff suffered from depression, and even though he "constantly begged for antidepressants," "Lilly told Corizon to not prescribe . . . antidepressants." (Docket Entry No. 12, at 4, 5, 6).

On the basis of these facts, Plaintiff alleges the Defendants violated 42 U.S.C. § 1985 by conspiring together to make his self-representation in court difficult, if not

3

impossible. He also brings claims under 42 U.S.C. § 1983 by alleging Defendants violated his rights under the First Amendment, Eighth Amendment, and Fourteenth Amendment, and further that they conspired to injure Plaintiff.

The District Court reviewed these claims pursuant to 28 U.S.C. § 1915A and found that Plaintiff stated claims under § 1983[1] and § 1985(2),[2] but not 1985(3).[3] (Docket Entry No. 9). Lilly now argues in its motion to dismiss that, first, Plaintiff does not state a plausible conspiracy claim and thus the complaint is subject to dismissal under the Supreme Court's interpretation of Rule 12(b)(6); second, Lilly is not a state actor and did not act under color of law, so it cannot be liable under § 1983; and, third, this case is a waste of judicial resources, and Plaintiff should be compelled to seek redress for Lilly's alleged misconduct in the underlying suit earlier filed in this Court. (Docket Entry No. 44). Plaintiff responded and argues based on the fact that the District Court found his

---

[1] Section 1983 provides that "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. 1983.
[2] This statute is applicable "[i]f two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully . . . ." 42 U.S.C. § 1985(2).
[3] Section 1985(3) applies "If two or more persons in any State or Territory conspire . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." 42 U.S.C. 1985(3).

allegations sufficient to state a claim in its review pursuant to 28 U.S.C. § 1915A. (Docket Entry No. 54).

## II. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 278 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. Id. Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible, not merely possible. Bell Atlantic Corp. v. Twombley, 550 U.S. 644, 556 (2007). He must plead well enough so that his complaint is more than "a formalistic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).

5

While a pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" Dixie v. Ohio, 2008 WL 2185487, at *1 (N.D. Ohio, May 23, 2008) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)).

The undersigned must determine in a motion to dismiss only whether "the claimant is entitled to offer evidence to support the claims," not whether Plaintiff can ultimately prove the facts alleged. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rodes, 416 U.S. 232, 236 (1974)). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Scheuer, 416 U.S. at 236. Rather, a challenge to the merits of

6

a plaintiff's claim should be "dealt with through summary judgment under Rule 56." Swierkiewicz, 534 U.S. at 514.

### III. Analysis

Lilly's three arguments will be considered in turn: first, that Plaintiff does not state a plausible conspiracy claim and thus the complaint is subject to dismissal under the Supreme Court's interpretation of Rule 12(b)(6); second, that Lilly is not a state actor and did not act under color of law, so it cannot be liable under § 1983; and, third, that this case is a waste of judicial resources, and Plaintiff should be compelled to seek redress for Lilly's alleged misconduct in the earlier filed suit.

### a. Sufficiency of Complaint to State a Plausible Conspiracy Claim

Lilly first argues that Plaintiff does not make actual allegations, based in fact, "that elevate[] Plaintiff's claims against Lilly to the realm of plausible." (Docket Entry No. 44, at 6). Instead, Lilly argues, Plaintiff's allegations are mere labels, legal conclusions, and bare assertions.

Specifically, Lilly argues that Plaintiffs did not state a conspiracy claim. It should be noted that Lilly did not argue in its motion that Plaintiff failed to state a violation of the First, Eighth, or Fourteenth Amendment, so the

7

undersigned only addresses the sufficiency of Plaintiff's allegations of conspiracy. Lilly states that the claims against it are "not supported by one single factual allegation. Instead, the Plaintiff alludes to actions allegedly taken by Mr. Greenwood and/or other prison personnel . . . and then simply labels Lilly a conspirator in those activities." (Docket Entry No. 44, at 5, 6). Lilly notes that the Sixth Circuit has said, "[C]onspiracy claims must be pled with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." Hamilton v. City of Romulus, 409 Fed. Appx. 826, 835 (6th Cir. Nov. 12, 2010) (citations omitted).

The District Court already explicitly considered whether Plaintiff stated a conspiracy claim during its review of the complaint pursuant to 28 U.S.C. § 1915A,[4] and only the § 1985(3) claim was dismissed: "The complaint does, however, state a colorable claim under the first portion of 42 U.S.C. § 1985(2)." (Docket Entry No. 9, at 4). In other words, the District Court has already considered this issue, and they found Plaintiff to have stated a claim. Lilly argues that even though a claim is not dismissed under review pursuant to 28 U.S.C. § 1915A, it can still be dismissed sua sponte pursuant to 28

---

[4] The standard for review under 42 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1) for failure to state a claim is the same standard used for a Rule 12(b)(6) review. Hill v. Lappin, 630 F.3d 468, 470-471 (6th Cir. 2010).

8

U.S.C. § 1915(e)(2)(B) or on a subsequent motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (Docket Entry No. 44, at 5 n.16). While this is true in appropriate cases, the District Judge gave more than cursory consideration to the matter of Plaintiff's conspiracy claims, and the undersigned is not inclined to disagree with the finding of a colorable conspiracy claim at this early pleading stage of the litigation. Plaintiff alleges Lilly "prompted" (Docket Entry No. 12, at 2) and "paid" (id. at 5) Greenwood, "told Corizon to not prescribe me antidepressants" (id. at 5, 6), and "employ[ed] Corizon to falsify [Plaintiff's medical] records" (id. at 6) to "traumatize" and "harm" Plaintiff (id. at 5) by "not feeding [Plaintiff]" for several days (id. at 2), and "taunt[ing]" him (id. at 3), among other allegations. All of this was allegedly orchestrated by Lilly to impede Plaintiff's efforts in a case against Lilly which would "save Eli Lilly millions of dollars in the [underlying] case." (Id. at 2). These allegations are sufficient to state a claim of conspiracy.

Alternatively, Lilly argues that "the utter implausibility of the conspiracy that Plaintiff alleges provides an independent basis for dismissal." (Docket Entry No. 44, at 7). 28 U.S.C. § 1915(e)(2) permits a court to dismiss the case "at any time" if it is determined that the action is frivolous.

9

In making this determination, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992). However, the court must take the factual allegations and "weigh [them] in favor of the plaintiff." Id.

The congressional record does not define "frivolous," Neitzke v. Williams, 490 U.S. 319, 325 (1989), but allegations that are "clearly baseless," id. at 327, including "fanciful" claims, id. at 325; Huey v. Raymond, 53 Fed. Appx. 329, 331 (6th Cir. Dec. 12, 2002), are included in the definition. Lilly argues that Plaintiff's allegations are "far-fetched," effectively no more than a fanciful allegation that should be dismissed.

Unlikely though the alleged conspiracy may be, the undersigned joins the District Court in declining to find that Plaintiff's allegations are factually frivolous. Weighing the allegations in favor of Plaintiff, Denton, 504 U.S. at 32, and determining it is not "clearly baseless," Neitzke, 490 U.S. at 327, that a conspiracy of this magnitude might take place if a significant amount of money is actually at stake, the undersigned believes Plaintiff should be given the opportunity to prove his allegations in further proceedings. Accordingly,

10
Case 3:12-cv-00988   Document 111   Filed 07/30/13   Page 10 of 14 PageID #: 667

the undersigned concludes that Lilly's motion to dismiss for failure to state a claim should be denied.

### b. Allegation that Defendant Lilly Acted under Color of Law

Defendant Lilly next argues that Plaintiff failed to allege that Lilly acted under color of state law, thus requesting dismissal of Plaintiff's § 1983 claims. "A § 1983 claim must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." Ellison v. Garbarino, 48 F.3d 192, 194 (6th Cir. 1995) (quotations and citations omitted). Lilly challenges whether Plaintiff alleged Lilly acted under color of law.

Generally speaking, "state actors" are considered to have acted under color of law. In this case, Lilly acknowledges that Defendant Greenwood, a state corrections officer, is a state actor. (Docket Entry No. 44, at 9). Lilly, on the other hand, a private corporation, is not a state actor. However, there are times where a private person may be considered to have acted under color of state law for purposes of § 1983. Tahfs v. Proctor, 316 F.3d 584, 590-91 (6th Cir. 2003). "Private persons, jointly engaged with state officials in [a] prohibited action, are acting under color of law for purposes of the statute. . . . It is enough that he is a willful participant in joint activity with the State or its agents." Adickes v. S.H.

Kress & Co., 398 U.S. 144, 152 (1970) (quotations omitted); see Tahfs, 316 F.3d at 590-91 (quoting Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982)).

The Sixth Circuit has gone on to say that if a private person has engaged in a conspiracy with a public official, "then that party qualifies as a state actor and may be held liable pursuant to § 1983." Cooper v. Parrish, 203 F.3d 937, 952 n.2 (6th Cir. 2000); see Dennis v. Sparks, 449 U.S. 24, 29 (1980) ("Private parties who corruptly conspire with a judge in connection with such conduct are thus acting under color of state law within the meaning of § 1983 as it has been construed in our prior cases."). Concerning pleadings, a plaintiff sufficiently alleges that the private person is acting under color of law pursuant to § 1983 when he alleges that the private person "acted corruptly in concert with a state official." Tahfs, 316 F.3d at 591.

Here, the undersigned notes the allegations made by Plaintiff against Lilly delineated above. A private person paying a state corrections officer to harm or harass an inmate certainly meets the standard of "act[ing] corruptly in concert with a state official" set forth by the Sixth Circuit. Id. Again, as noted above, Plaintiff has alleged sufficient facts for his conspiracy claim to survive Rule 12(b)(6) dismissal, a claim, if proven, that is in and of itself sufficient to

establish Lilly acted under color of state law.  See Cooper, 203 F.3d at 952 n.2.  Even more, it is alleged that there is "joint activity" between Defendants Lilly and Greenwood, if by no other allegation than that Greenwood illegally treated Plaintiff as directed by Lilly in exchange for money from Lilly.  See Adickes, 398 U.S. at 152.

It is evident that Plaintiff has alleged sufficient facts to claim Lilly's liability to Plaintiff under § 1983 for acting under color of law.  While the merit of the matter is yet to be determined, the undersigned finds that Plaintiff has stated a claim under § 1983.  Therefore, Defendant Lilly's motion to dismiss pursuant to Rule 12(b)(6) should be denied.

### c. Maintenance of This Separate Lawsuit

Finally, Lilly argues that "the crux of this complaint is Lilly's purported effort to influence Plaintiff's prosecution of his claims in 10-cv-00754" (Docket Entry No. 44, at 9), so the case against Lilly here should be dismissed and litigated as part of that suit.  Lilly cites to no statute, case law, or legal doctrine (other than "judicial efficiency and fundamental fairness") to persuade the undersigned to recommend dismissal of this case on grounds that it is unnecessary.  If Lilly thinks consolidation with case number 3:10-0754 is proper in this case, it should move for consolidation of the cases pursuant to Rule 42 of the Federal Rules of Civil Procedure.  Dismissal of this

claim on these grounds is not appropriate at this time. Therefore, the undersigned recommends that Lilly's motion to dismiss on the basis that the separate case is unnecessary be denied.

## IV. Recommendation

For the reasons stated above, the undersigned Magistrate Judge recommends that the motion to dismiss filed on behalf of Defendant Lilly be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985).

**ENTERED** this 30th day of July, 2013.

s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE