UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMUEL JEFFERSON, ) | |
| ) | |
| Plaintiff ) | Case No. 3:12-0988 |
| ) | Judge Sharp/Bryant |
| v. ) | **Jury Demand** |
| ) | |
| CORIZON HEALTHCARE PROVIDERS, ) | |
| *et al.*, ) | |
| ) | |
| Defendants ) | |

**TO: THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Defendant Corizon, Inc. (identified in the complaint as Corizon Healthcare Providers) has filed its motion for summary judgment (Docket Entry No. 88). Plaintiff Jefferson has filed his response in opposition and his own cross-motion for summary judgment (Docket Entry No. 105). Defendant Corizon has filed its motion to strike Plaintiff's cross-motion for summary judgment (Docket Entry No. 107).

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendant Corizon's motion for summary judgment be GRANTED and that the complaint against it be dismissed with prejudice. In addition, for the reasons stated below, the undersigned recommends that Plaintiff's cross-motion for summary judgment (Docket Entry No. 105) be DENIED.

**STATEMENT OF THE CASE**

Plaintiff Jefferson, who is proceeding *pro se* and in *forma pauperis*, has filed this action alleging a conspiracy to violate his civil rights. In summary, Jefferson alleges that while he was confined as a state prisoner at the Lois M. DeBerry Special Needs Facility ("DSNF") in Nashville, Tennessee, the Defendants conspired to threaten the safety of his food, to deprive him of meals and medication, to disturb his sleep, and to assault him in order to intimidate him and prevent him from continuing to pursue his ongoing federal litigation against Eli Lilly and others.

The Defendants have filed answers denying liability.

After the close of discovery, Defendant Corizon has filed its motion for summary judgment.

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## SUMMARY OF PLAINTIFF'S FACTUAL CLAIMS

The claims in this action arise from earlier lawsuits that Plaintiff has filed in this district and elsewhere. As background, Plaintiff claims that he was one of the class plaintiffs in a pharmaceutical product liability class action filed against Eli Lilly Company based upon the drug Zyprexa. Apparently, that case was settled and Plaintiff received approximately $17,000

as his share of a large class settlement. Since then, Plaintiff has filed multiple lawsuits against Eli Lilly and law firms that represented the plaintiff class seeking to nullify his settlement of his claim. Some of those actions are still pending.

In his complaint in this case, Plaintiff claims that the Defendants conspired to violate his Constitutional rights in order to dissuade him from continuing his underlying litigation against Eli Lilly. Specifically, Plaintiff claims that Eli Lilly and Corizon, the contract provider of medical care at DSNF, "paid or otherwise prompted" a corrections officer named Greenwood to threaten the safety of Plaintiff's food, to deprive him of his food, and to assault him. He further claims that Corizon had inmates beat on the walls and door of his cell in order to deprive him of sleep. Finally, Plaintiff asserts that Corizon deprived him of needed antidepressant medication as a further attempt to hinder and interfere with his ongoing litigation against Eli Lilly and his former law firms. Plaintiff asserts that the foregoing collaborative conduct by Corizon and other Defendants has caused his health to deteriorate, including head and stomach pain, high blood pressure, and aggravation of a pre-existing gastrointestinal disorder.

## ANALYSIS

As grounds for its motion for summary judgment, Corizon relies upon several arguments. First, Corizon states that, as a

matter of law, it cannot be held liable under 42 U.S.C. §§ 1983 or 1985 based upon the doctrine of *respondeat superior*. Second, Corizon states that the complaint fails to assert any connection between the alleged wrongdoing and a Corizon policy or custom, nor is there any evidence to support such a claim if made. Third, Corizon asserts that after an opportunity to conduct discovery, Plaintiff has no evidence to support any of his allegations. Finally, Corizon charges that Plaintiff has failed to exhaust administrative remedies before filing his complaint in this action.

In order to recover under 42 U.S.C. § 1983, a plaintiff must show (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998).

The elements of a conspiracy claim under 42 U.S.C. § 1985(2) are (1) a combination of two more persons acting in concert; (2) to deter testimony by force or intimidation; and (3) injury to the plaintiff. *Alexander v. Patterson*, 34 F.3d 1068, 1994 WL 419592 (6th Cir. Aug. 10, 1994) (unpublished).

The United States Supreme Court has held that there is no *respondeat superior* liability against municipalities under 42 U.S.C. § 1983. *Monell v. Department of Social Servs.,* 436 U.S. 658, 691 (1978). Instead, a municipality is liable in damages only if the Plaintiff can show that some custom or policy of the municipality caused the constitutional violations. This limitation

of liability has also been extended to private corporations performing functions usually performed by the State. *Street* v. *Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996). Courts have similarly held that *respondeat superior* is not a viable theory of liability under 42 U.S.C. § 1985. *Owens v. Haas*, 601 F.2d 1242, 1247 (2nd Cir. 1979). In the present case, Plaintiff alleges liability on the part of Corizon premised upon actions or omissions of Corizon employees in allegedly conspiring with Eli Lilly to pay or otherwise cause Corrections Officer Greenwood to taunt Plaintiff and to deprive him of his meals, sleep and medication. The complaint fails to allege that any of this wrongdoing is related to or based upon a policy, custom, or practice of Corizon, nor has Plaintiff offered any evidence that such is the case.

For the foregoing reasons, the undersigned Magistrate Judge finds that Plaintiff has failed to produce evidence establishing that there is a genuine dispute as to any material fact for trial on the liability of Corizon.

Moreover, the Prison Litigation Reform Act, 42 U.S.C. § 1997e, provides that no action may be brought with respect to prison conditions under Section 1983 by a prisoner "until such administrative remedies as are available are exhausted." Thus, a prisoner is required to exhaust his administrative remedies before filing a lawsuit under 42 U.S.C. § 1983. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The affidavit of Dennis Davis, the inmate grievance chairperson at DSNF, states that between August 20, 2011 and August

20, 2012, Plaintiff filed one grievance against a Lieutenant Chaney about a matter wholly unrelated to the claims he raises in his complaint. Significantly, he has failed to file any grievance asserting any misconduct or wrongdoing by Corrections Officer Greenwood, including alleged deprivation of food, medication or sleep or any claimed assault. Since Plaintiff has failed to exhaust his remedies on these claims, the Prison Litigation Reform Act prevents him from asserting those claims in this action.

For this additional reason, the undersigned Magistrate Judge finds that Plaintiff has failed to demonstrate a genuine dispute as to any material fact for trial and, therefore, that Corizon should be GRANTED summary judgment as a matter of law.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge finds that Corizon's motion for summary judgment be GRANTED, that the complaint against it be DISMISSED with prejudice, and that Plaintiff's cross-motion for summary judgment be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed

in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 30th day of December, 2013.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge