```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

SAMUEL JEFFERSON,                )
                                 )
        Plaintiff                )   Case No. 3:12-0988
                                 )   Judge Sharp/Bryant
v.                               )   **Jury Demand**
                                 )
CORIZON HEALTHCARE PROVIDERS,    )
*et al.*,                        )
                                 )
        Defendants               )

## <u>O R D E R</u>

Pending in this case is Defendant Corizon, Inc.'s motion to strike Plaintiff's "cross" motion for summary judgment (Docket Entry No. 107). As grounds, Defendant states that Plaintiff's attempt to file a motion for summary judgment is untimely because it has not been filed by the deadline for such motions contained in the scheduling order (Docket Entry No. 58).

For the reasons stated below, the undersigned Magistrate Judge finds that Defendant's motion should be **GRANTED**.

Plaintiff Jefferson has filed his response in opposition to Defendant Corizon's motion for summary judgment "and Plaintiff's cross motion for summary judgment" (Docket Entry No. 105). This filing consists of approximately 23 pages of argument and legal citations, together with attached exhibits consisting of copies of earlier filings in this case and responses to written discovery.

This filing fails to comply with basic requirements to be considered as a motion for summary judgment. Specifically, it fails

to comply with Local Rule 56.01(b) which requires that any motion for summary judgment be accompanied by a separate, concise statement of material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record. Plaintiff's filing fails to comply with this requirement and it also fails to comply with Rule 56(c) of the Federal Rules of Civil Procedure, which describes the manner in which a moving party must support factual positions in support of a motion for summary judgment. For these reasons, the undersigned Magistrate Judge finds that Plaintiff's filing at Docket Entry 105 cannot be considered as a motion for summary judgment.

For the reasons stated above, the undersigned Magistrate Judge finds that, although Plaintiff's filing at Docket Entry No. 105 can be considered as his response in opposition to Defendant Corizon's motion for summary judgment, it cannot be considered as Plaintiff's motion for summary judgment. For this reason, Defendant Corizon's motion to strike (Docket Entry No. 105) as a motion for summary judgment is **GRANTED.**

It is so **ORDERED.**

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge