ORDER:

The motions for leave to amend (Docket Entry No. 137) has been denied (Docket Entry No. 167). Therefore, this motion is denied as moot.

John Bryant, USMJ

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| Samuel Jefferson<br><br>Plaintiff,<br><br>v.<br><br>Corizon Healthcare Providers; et al.,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 3:12-cv-0988<br><br>Judge Sharp<br>Magistrate Judge Bryant |

## DEFENDANT ELI LILLY AND COMPANY'S MOTION TO STRIKE "PLAINTIFF'S MOTION FOR LEAVE TO AMEND AS A MATTER OF COURSE WITH RELATION BACK OF AMENDMENT DOCTRINE, IN SUPPORT THERE OF"

Defendant Eli Lilly and Company ("Lilly") requests an order striking Plaintiff's submission entitled "PLAINTIFF'S MOTION FOR LEAVE TO AMEND AS A MATTER OF COURSE WITH RELATION BACK OF AMENDMENT DOCTRINE, IN SUPPORT THERE OF" [Docket No. 137] (the "Motion") on the grounds that it is unintelligible, nonsensical and not recognized by the Federal Rules of Civil Procedure.

Notwithstanding a litigant's *pro se* status, a motion to strike should be granted where it is impossible to understand the submission in question. *See, e.g., Mann v. Swiggett*, 2012 U.S. Dist. LEXIS 163347, *3-4 (E.D.N.C. Oct. 9, 2012) (noting that the district judge had granted a motion to strike because the *pro se* litigant had "continued to clutter the docket with nonsensical filings and continued to disregard this court's orders, the local rules, and the Federal Rules of Civil Procedure'"); *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, 2008 U.S. Dist. LEXIS 41649, *53 (C.D. Ill. May 29, 2008) (granting a party's motion to strike where the pleading was "essentially 'unintelligible'").