ORDER :

Motion denied.

John Bryant,
USMJ

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

Samuel Jefferson

                Plaintiff,

        v.

Corizon Health Care Providers; et al.

                Defendant

:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION

NO. 3:12-cv-0988

Judge Sharp
Magistrate Judge Bryant

### DEFENDANT ELI LILLY AND COMPANY'S MOTION
### TO STRIKE PLAINTIFF'S "RESPONSE TO DEFENDANT ELI LILLY AND
### COMPANY'S ANSWER TO AMENDED COMPLAINT"

        Defendant Eli Lilly and Company ("Lilly") requests an order striking Plaintiff's

submission entitled "PLAINTIFF SAMUEL JEFFERSON'S RESPONSE TO DEFENDANT

ELI LILLY AND COMPANY'S ANSWER TO AMENDED COMPLAINT" [Docket No. 141]

(the "Submission") on the grounds that it is unintelligible and is not recognized by the Federal

Rules of Civil Procedure.

        Notwithstanding a litigant's *pro se* status, a motion to strike should be granted

where it is impossible to understand the submission in question. *See, e.g., Mann v. Swiggett,*

2012 U.S. Dist. LEXIS 163347, *3-4 (E.D.N.C. Oct. 9, 2012) (noting that the district judge had

granted a motion to strike because the *pro se* litigant had "continued to clutter the docket with

nonsensical filings and continued to disregard this court's orders, the local rules, and the Federal

Rules of Civil Procedure'"); *Lincoln Diagnostics, Inc. v. Panatrex, Inc.,* 2008 U.S. Dist. LEXIS

41649, *53 (C.D. Ill. May 29, 2008) (granting a party's motion to strike where the pleading was

"essentially 'unintelligible'").