UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMUEL JEFFERSON, ) | |
| ) | |
| Plaintiff ) | Case No. 3:12-0988 |
| ) | Judge Sharp/Bryant |
| v. ) | **Jury Demand** |
| ) | |
| CORIZON HEALTHCARE PROVIDERS, ) | |
| *et al.*, ) | |
| ) | |
| Defendants ) | |

**TO: THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Defendant Eli Lilly and Company ("Lilly") has filed its motion for summary judgment (Docket Entry No. 152). Plaintiff Jefferson, who is proceeding *pro se*, has failed to respond in opposition.

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendant Lilly's motion be GRANTED and the complaint against it DISMISSED.

### STATEMENT OF THE CASE

In his amended complaint, Plaintiff Samuel Jefferson alleges that while he was confined as a prisoner at the Deberry Special Needs Facility ("DSNF") in Nashville, Defendant Corizon Health Care ("Corizon") and Lilly conspired to cause Defendant Corrections Officer Greenwood to threaten the safety of Jefferson's food, to deprive him of food and medicine, and to cause other inmates to disturb Jefferson's sleep, all for the purpose of

discouraging and deterring Jefferson from pursuing his other lawsuits against Lilly[1] (Docket Entry No. 12).

Defendant Lilly has now filed its motion for summary judgment.

## STANDARD OF REVIEW

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of

---

[1] Plaintiff Jefferson has filed multiple lawsuits against Lilly in this district.

providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**ANALYSIS**

In support of its motion, Lilly has filed the affidavits of Defendant Michael Greenwood and that of Dr. Molly O'Toole (Docket Entry Nos. 152-2 and 152-3).

In his affidavit, Greenwood testifies that at all pertinent times he has been employed as a corrections officer at DSNF in Nashville, Tennessee. Greenwood testifies that before his being named as a defendant in this case he did not know that Jefferson had filed other lawsuits against Lilly. Greenwood further testifies that at no time during his life has he ever had any contact with Lilly, any of its employees, or with any person acting on behalf of Lilly. He further testifies that he has no knowledge of Lilly, any of its employees or any other person acting on behalf of Lilly ever attempting to contact him. He denies that he has ever

3

received any money or any other type of remuneration from Lilly, any of its employees, or any other person acting on behalf of Lilly. He testifies that he has never been prompted or coerced to take any action on behalf of Lilly, its employees, or others acting on Lilly's behalf, and that he has no knowledge of Lilly, its employees, or any other person acting on behalf of Lilly ever attempting to influence Plaintiff Jefferson's treatment by him or any other member of the DSNF staff. Finally, Greenwood testifies that, to his knowledge, no one from Lilly or acting on behalf of Lilly has ever contacted Defendant Corizon or any of its employees regarding Plaintiff Jefferson's treatment by DSNF staff (Docket Entry No. 152-2).

Dr. O'Toole, in her affidavit, testifies that she is a medical doctor, board certified in psychiatry, and licensed to practice in the State of Tennessee since 1988. She is employed by Defendant Corizon and, in this capacity, has provided mental health treatment to inmates confined at DSNF since July 1, 2012. Dr. O'Toole further testifies that during the time that Plaintiff Jefferson was confined at DSNF, she was the Corizon employee who managed his mental health treatment in consultation with Jefferson's conservator. She testifies that she is the person most knowledgeable about the mental health treatment provided to Jefferson at DSNF.

Like Defendant Greenwood, Dr. O'Toole denies any communication with Lilly or anyone acting on Lilly's behalf about Plaintiff Jefferson. Moreover, she denies any knowledge that Lilly, or any person acting for Lilly, has ever attempted to communicate with her, with any other Corizon employee, or any DSNF personnel concerning Jefferson. Dr. O'Toole denies that she or Corizon ever received any instructions from Lilly concerning Jefferson's mental health treatment, and testifies that his treatment provided by her was the result of evaluations of the risk and benefits of treatment options available to Jefferson following consultation with Jefferson's conservator. Dr. O'Toole denies that she or Corizon ever withheld antidepressant medication from Jefferson at the request of Lilly, or that they ever received a request to do so. In summary, Dr. O'Toole denies that mental health treatment provided to Jefferson at DSNF was influenced by Lilly.

Dr. O'Toole further denies that she has been paid or otherwise prompted by Lilly to starve Jefferson, to traumatize him mentally, or to engage in any other activity coercing Jefferson. Furthermore, Dr. O'Toole testifies, that to her knowledge, Corizon has never, alone or in concert with Lilly, paid or prompted Defendant Greenwood to threaten the safety of Jefferson's food, to taunt Jefferson, to make Jefferson believe his food was dangerous, or otherwise to deprive Jefferson of food.

In conclusion, Dr. O'Toole testifies that Corizon, alone or in concert with Lilly, has not taken any action to deprive Jefferson of access to the prison library, or otherwise influence any aspect of Jefferson's treatment at DSNF.

The foregoing Magistrate Judge finds that the testimony of Defendant Greenwood and Dr. O'Toole directly and completely refutes all claims by Jefferson against Lilly in this case.

Jefferson has made no response.

Lilly has filed interrogatory answers served by Jefferson (Docket Entry No. 152-1).

In response to multiple interrogatories seeking the factual basis for Plaintiff's claims against Lilly, Plaintiff Jefferson responded "See Judge Campbell's memorandum opinion attached to this request, page 5." (Docket Entry No. 152-1 at 6). The attached memorandum opinion to which these interrogatory responses refer is the ruling upon initial review pursuant to 28 U.S.C. § 1915(e)(2)(B). On page 5 of the attached copy, Plaintiff Jefferson apparently has underlined the following quotation from the memorandum opinion:

> Allegations of conspiracy must be pleaded with some degree of specificity. *Hamilton v. City of Romulus*, 409 F. App'x 826, 835 (6th Cir. 2010). Vague and conclusory allegations unsupported by material facts are insufficient, although circumstantial evidence of an agreement among all conspirators may provide adequate proof. (*Id.*) at 835-36. In this case, for purposes of the initial review, the court finds that the plaintiff has

6

> adequately pleaded a cause of action under the third section of § 1985(2).

(Docket Entry No. 152-1 at 18).

What Plaintiff Jefferson has ignored, however, is the immediately following sentence which states as follows: "The court expresses no opinion as to the plaintiff's ability to muster proof of his claims, and the plaintiff will, of course, be held to a higher standard at later stages in these proceedings." (*Id.*)

The "later stages in these proceedings" have now arrived. "The non-moving party may not merely rely on the pleadings to oppose a motion for summary judgment but must come forward with affirmative evidence in the form of materials described in Rule 56(c) to establish a genuine issue on a material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Moreover, a party opposing a motion for summary judgment may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). As these cases state, Plaintiff Jefferson may not rely merely upon his pleadings in order to overcome a motion for summary judgment, but he is required to present admissible evidence showing the existence of an issue of material fact for trial. This he has not done.

The undersigned Magistrate Judge finds that the record in this case is devoid of any evidence that Defendant Lilly participated in any conspiracy or otherwise attempted in any fashion to influence the treatment of Jefferson while he was confined at DSNF.

For the reasons stated above, the undersigned Magistrate Judge finds that there is no genuine dispute as to any material fact and that Defendant Lilly is entitled to judgment as a matter of law.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendant Lilly's motion for summary judgment be GRANTED and that the complaint against Lilly be DISMISSED with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 28th day of August, 2014.

                                                /s/ John S. Bryant
                                                JOHN S. BRYANT
                                                United States Magistrate Judge